IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10608
Summary Calendar

_____


BETTY JORDY,

                                        Plaintiff-Appellant,

versus

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:97-CV-156-C
- - - - - - - - - -

January 25, 1999

Before  REAVLEY, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Betty Jordy appeals the district court's judgment reversing
the decision of the Commissioner of Social Security and remanding
the case to the Commissioner for further administrative
proceedings in accordance with Scott v. Shalala, 30 F.3d 33, 35
(5th Cir. 1994).  There is no dispute in this case that the ALJ
erred in applying the Medical-Vocational Guidelines to this case
and that the determination of no disability based on that
erroneous application may not stand.  The substance of this

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appeal is whether the district court erred in vacating the disability determination and remanding the matter for additional proceedings. Jordy contends that the district court should have ordered that she be declared disabled and benefits awarded. One of the major points of contention between the parties is the standard of review for the district court's judgment of remand. Jordy espouses de novo review and the Commissioner asserts that review is for abuse of discretion. It is not necessary to resolve this issue because the district court did not err under either standard.

Jordy's argument is based on the assertion that the Scott decision does not mandate a remand as the remedy for the ALJ's error in relying on the Medical-Vocational Guidelines. This assertion is simply wrong. In ordering a remand for "proper consideration of the vocational experts testimony," the Scott court cited to SEC v. Chenery Corp, 318 U.S. 80 (1943). Scott, 30 F.3d at 35. In Chenery Corp., the Supreme Court stated that "[i]f an order is valid only as a determination of policy or judgment which the agency alone is authorized to make and which it has not made, a judicial judgment cannot be made to do service for an administrative judgment." Chenery Corp., 318 U.S. at 88. That is precisely the situation now before the court. It is beyond dispute that a reviewing court may not substitute its judgment for that of the Commissioner and may review the Commissioner's decisions only to determine if they are supported by substantial evidence and in accordance with the law. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). For a court to

weigh the evidence and make a disability determination of its own is exactly the usurpation of administrative authority prohibited by Chenery Corp.  Whether reviewed for abuse of discretion or reviewed de novo, the district court's action in remanding this case was not error and was the only action that could have been taken.

AFFIRMED.